FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 29 AM 11: 00

CLERK _M. Y. Hill_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA

v.     605CR015

LARRY D. HEAD

### ORDER

Pursuant to a plea agreement, defendant Larry D. Head pled guilty to violating 18 U.S.C. § 922(g) (possession of firearm by a convicted felon) and was sentenced to, *inter alia*, 90 months imprisonment. Doc. ## 37, 40. The Court entered judgment on 4/26/06. He had 10 days to appeal under F.R.App.P. 4(b)(1)(A)(i).

No Notice of Appeal (NOA) appears in the record. On 5/03/06, however, Head *pro-se* filed a "Motion for Continue of Notice of Appeal of Sentence." Doc. # 41. He thus in effect moved for an F.R.App.P. 4(b)(4) extension of time within which to file an NOA. Defendant explained that he needed access to his prison's law library, along with paper, pencils, etc. *Id.*

The problem for Head, however, was that he was still represented by an attorney, Gerald W. Bassett, who had not been discharged from representing him.[1] The Court noted several possibilities (*e.g.*, abandonment by counsel), then directed Bassett to respond. Doc. # 44. Bassett responded by moving to withdraw. Doc. # 46; *see also* doc. # 47 (granted). Citing F.R.App.P. 3(c)(4), the Government urges the Court to reconsider Order # 47 and deem Head's appeal perfected by virtue of his continuance motion, # 41. Doc. # 49 at 4.

The Court agrees that Rule 3(c)(4) authorizes it to construe motion # 41 as an NOA. The Court therefore **GRANTS** the Government's reconsideration motion, doc. # 49, and deems Head's appeal timely and perfected. The Clerk shall henceforth treat it as such.

Head, however, is currently unrepresented on direct appeal. The Court thus **GRANTS** his motion to appoint counsel on appeal, doc. # 45, and therefore appoints for him the next available attorney on the Court's appointed-counsel roster. This result moots the Court's previous referrral to the Magistrate Judge (MJ), doc. # 47 at 3, as well as the MJ's 8/2/07 rescheduling notice.

This 25 day of October, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Criminal defense attorneys are subject to the "in for a dime, in for a dollar rule," *see* 11th Cir. R. 46-1(f)(3), which means that trial counsel ordinarily must continue representing their clients on appeal until excused by this Court. Relatedly, a criminal defense lawyer is not under a *per se* constitutional obligation even to consult with his or her client about an appeal. *Otero v. U.S*, ___ F.3d ___, 2007 WL 2694612 at * 2 (11th Cir. 9/17/07) (Defense counsel had no obligation to consult with defendant about possibility of appeal, and did not behave in constitutionally deficient manner even assuming that he engaged in no such consultation, where defendant was convicted on guilty plea and received sentence at low end of sentencing range predicted by counsel, and where, pursuant to terms of plea agreement, defendant had waived right to appeal except in certain limited circumstances not implicated, such that any appeal would have been frivolous; only evidence that defendant presented to establish that he showed any interest in appealing was his own testimony at evidentiary hearing, testimony that district court rejected as not credible).